IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY A. HUGHES,

        Plaintiff,

        vs.                Case No. 12-2339 JTM

BLUE CROSS AND BLUE SHIELD OF KANSAS,
INC.,

        Defendant.

MEMORANDUM AND ORDER

      Mary A. Hughes has brought suit against Blue Cross and Blue Shield of Kansas, Inc. alleging that it terminated her employment in violation of the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq.* Defendant's Motion for Determination of Place of Trial (Dkt. No. 8) is before the court. As provided below, the court grants the Motion.

## I. Factual Background

      Mary A. Hughes contends that Blue Cross Blue Shield of Kansas, Inc. (BCBSKS) fired her in retaliation for exercising her rights under the FMLA. BCBSKS hired Ms. Hughes as a Benefits Administration Analyst on September 8, 2009. She underwent performance evaluations in December 2009, June 2010, and November 2010 – all of which were generally positive. The June 2010 review placed her in the "distinguished" employee category and the November 2010 review placed her in the "commendable" employee category – a level below "distinguished." In March 2011, Ms. Hughes

learned she would need sinus surgery. She notified her supervisor that her surgery was scheduled for May 2011 in order to make leave arrangements. BCBSKS denies that Ms. Hughes made any request for FMLA leave at this time. BCBSKS states that FMLA claims are managed by its Human Resources department, not an employee's supervisor. On April 20, 2011, Ms. Hughes received a letter from her supervisor detailing certain performance concerns. BCBSKS claims that some of these concerns had previously been discussed with Ms. Hughes on February 11, 2011, and again on March 25, 2011. These concerns included missed deadlines, errors in her work, and last-minute delivery of projects.

In May 2011, Ms. Hughes learned that her husband had prostate cancer. She notified her supervisor that she would probably need to take leave in order to care for her husband. BCBSKS acknowledges that Ms. Hughes submitted a request for FMLA leave to Human Resources on May 11, 2011, asking for intermittent leave to care for her spouse. Ms. Hughes claims that she rescheduled her sinus surgery for October 2011, but BCBSKS argues that it did not receive her first application for FMLA leave relating to Ms. Hughes's sinus surgery until September 27, 2011.

BCBSKS granted Ms. Hughes's intermittent FMLA leave to care for her husband in May 2011. Ms. Hughes claims that she used the FMLA leave intermittently from May 2011 through July 2011 for that purpose, while BCBSKS argues that she used intermittent FMLA leave through September 2011. Ms. Hughes states that she again requested, and was given, FMLA leave in October 2011, for her rescheduled sinus surgery. On October 28, 2011, shortly after Ms. Hughes alleges she made her second request for FMLA leave, she received a second letter from her supervisor, again detailing performance concerns. On November 8, 2011, Ms. Hughes requested FMLA leave beginning November 23, 2011, for purposes of caring for her husband. The request was provisionally

2

approved by Human Resources on November 9, 2011, pending receipt of the necessary medical information. On November 10, 2011, while the request was pending, she received notification that she had been terminated. BCBSKS states that Ms. Hughes was fired because of her unsatisfactory job performance. On May 30, 2012, Ms. Hughes filed the present suit alleging retaliation and interference in violation of the FMLA. She designated Kansas City, Kansas, as the place of trial. On July 6, 2012, BCBSKS filed the present Motion to Transfer (Dkt. No. 8).

## II. Legal Standard

When designating the location of a trial, D. Kan. R. 40.2 states that a "court is not bound by the requests for place of trial," but rather may determine the place upon motion or in its discretion. "In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S .C. § 1404(a)." *Smith v. Staffmark Temp. Agency*, No. 07-2089, 2007 WL 2436669, *1 (D. Kan. Aug. 22, 2007) (citing *Jones v. Wichita State Univ.*, No. 06-2131, 2007 WL 1173053 (D. Kan. Apr. 19, 2007)). Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Further, "[a] district court may order any civil action to be tried at any place within the division in which it is pending." *Id.*

A court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Oliver v. Schmidt Transp., Inc.*, No. 11-1158, 2011 WL 4368999, at *1 (D. Kan. Sept. 19, 2011) (quoting *Chrysler Credit Corp. v. Country*

*Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)) (citations omitted). "The burden of proving

that the existing forum is inconvenient lies with the moving party." *Id.* (citing *Scheidt v. Klein*, 956

F.2d 963, 965 (10th Cir. 1992)) (citations omitted).

A plaintiff's choice of forum is generally an important consideration, but is of only minimal

significance when the plaintiff does not reside in the selected forum. *Id.* (citing *Spires v. Hosp. Corp.*

*of Am.*, No. 06-2137, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006)). "'In fact, when the plaintiff

does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum

evaporates.'" *Staffmark Temp.*, 2007 WL 2436669, at *1 (quoting *Spires*, 2006 WL 1642701, at *2).

The convenience of witnesses is another important element in a court's determination of the best

place to hold a trial. *Brown*, 2010 WL 4340267, at *1 (citing *Cook v. Atchison, Topeka & Santa Fe*

*Ry.*, 816 F. Supp. 667, 669 (D. Kan.1993)).  Finally, a court has to find that the plaintiff's designated

forum is substantially inconvenient, not just that the defendant's alternative forum is marginally

more convenient. *Smith*, 2007 WL 2436669, at *2.

**III. Analysis**

*A. Plaintiff's Choice of Forum*

In deciding the most appropriate place in the district for a trial, the first factor a court will

consider is the plaintiff's choice of forum. Ms. Hughes has designated Kansas City, Kansas, as the

place of trial. BCBSKS argues that no connections to Kansas City exist in this case. Ms. Hughes

lives in Shawnee County, Kansas,—which encompasses Topeka—approximately 60 miles from the

federal district court in Kansas City. Ms. Hughes was employed by BCBSKS and worked in the

company's Topeka office. The headquarters of BCBSKS are located in Topeka, as is the office of

plaintiff's counsel. Defense counsel's office is located in Wichita, Kansas, which is nearer to Topeka than Kansas City. Ms. Hughes contends that her residence in Shawnee County should have little weight in determining the place of trial. She cites *Lavin v. The Lithivar Co.*, in which the court denied the defendants' motion to designate Topeka as the place for trial rather than plaintiff's choice of Kansas City. No. 01-2174, 2001 WL 1175096, at *1 (D. Kan. Sept. 19, 2001). The court concluded that the defendants had failed to meet their burden of showing that Kansas City was an inconvenient place for trial:

> The court does not find defendants' arguments persuasive. First, Kansas City is not presumed inconvenient because the plaintiff resides in Topeka. He chose to file his lawsuit in Kansas City and that choice is given deference by the court.

*Id.* at *1.

But the *Lavin* case is different in several important respects. The defendants in that case did not reside in Kansas City, their proposed forum, but in Michigan. *Id.* The court concluded it would be more convenient for the defendants to travel to Kansas City than Topeka. *Id.* Defendants' counsel was located in Kansas City, leading the court to determine that holding the trial in Kansas City would not inconvenience the defendants. *Id.* Further, Ms. Hughes's choice of forum is of minimal significance because she does not live in Kansas City. *See Brown*, 2010 WL 4340267, at *1. Because both of the parties, BCBSKS headquarters, Ms. Hughes's former place of employment, and Ms. Hughes's counsel all are located in or near Topeka, the court finds that the usual deference owed to a plaintiff's designation of forum does not apply in this case.

### B. Convenience and Accessibility of Witnesses and Other Forms of Proof

The second factor to be considered under 28 U.S.C. § 1404(a) is the convenience for

witnesses and the accessibility of witnesses and other sources of proof. BCBSKS asserts that all of

the witnesses in the trial are expected to be current or former employees of the company, and that

all of the likely witnesses identified at this time live in or near Topeka, making it a more convenient

venue for trial:

> It is certainly more convenient for these witnesses to testify in the Topeka federal
> district court, rather than to drive sixty or more miles to Kansas City to testify.
> Witnesses will likely miss more work and incur more expense by traveling 120 miles
> to provide testimony in the trial of this case. If trial were held in Kansas City, and a
> witness's testimony spanned two days, he or she would have to spend the night in
> Kansas City, rather than just going home and coming back to court the next day.

Dkt. No. 8, at 6. BCBSKS cites *Southern Star Central Gas Pipeline, Inc. v. Frederick*, in which the

court weighed the effect of a long travel distance between the defendants' home and the plaintiff's

proposed forum for trial. No. 09-2435, 2010 WL 618150, at *1 (D. Kan. Feb. 19, 2010). The

defendants lived 80 miles northwest of Wichita, their proposed forum, and 230 miles from Kansas

City, the plaintiff's designated place of trial. *Id.* at 2. The court concluded that travel to Kansas City

would be very inconvenient for the defendants, who were likely to be among the witnesses. *Id.* They

would have to travel several hours each way to testify, and would have to stay overnight if their

testimony spanned more than one day or if they wished to be present at trial every day. *Id.* The court

cited the defendants' travel distance as one of its reasons for transferring the case to Wichita. *Id.* at

2-3.

Ms. Hughes argues that BCBSKS has not provided the court with a list of witnesses who live

in Topeka, or explained how these witnesses will be inconvenienced by trying this case in Kansas

City. She contends that there will be few witnesses designated for trial, and that their location has

not yet been determined. Furthermore, Ms. Hughes states that her attorney does not object to

traveling to Kansas City from Topeka, and that BCBSKS was not obligated to hire an attorney located in Wichita. She argues that the convenience of counsel is given little, if any, weight in determining the place of trial. *Studdard v. Connaught Labs., Inc.*, 793 F. Supp. 291, 292 (D. Kan. 1992).

While Ms. Hughes's citation to *Studdard* is correct, she omits an additional statement by the court which places it in context. "In the court's view, however, convenience of counsel is entitled to little, if any, weight in ruling on a § 1404(a) transfer . . . This is particularly so when no other factors weigh in favor of plaintiff's choice of forum." *Id.* This final statement is important because it makes the facts in *Studdard* distinguishable from those in this case. In *Studdard*, the court identified only one factor relating to "convenience" which favored a Kansas forum over a Missouri forum: one of plaintiff's lawyers resided in Wichita. *Id.* The court found that all of the other relevant factors strongly favored transfer of the case to Missouri. *Id.* at 293. The plaintiff (a minor) was injured in Missouri, he and his parents continued to reside in Missouri, and all of the fact witnesses resided in Missouri. *Id.* Here, the plaintiff, the defendant, the plaintiff's former workplace, and all of the likely witnesses are located in Topeka. Thus, there are a number of other factors weighing in favor of BCBSKS's proposed forum, not just the convenience of either party's counsel.

### C. Possibility of Obtaining a Fair Trial

Ms. Hughes does not argue that she cannot receive a fair trial in Topeka. She acknowledges that jurors in the Kansas City area are as likely to be insured by BCBSKS as jurors in Topeka, and does not claim that one location is more likely to yield a fairer trial than another. And the court finds that Ms. Hughes could receive a fair trial in Topeka. *See Jones v. Wichita State Univ.*, No. 06-2131,

2007 WL 1173053, at *2 (D. Kan. Apr. 29, 2007).

### D. All Other Considerations

The final factors under 28 U.S.C. § 1404(a) are all other considerations of a practical nature that make a trial easy, expeditious, and economical. BCBSKS argues that costs in the form of mileage, meals, and hotel expenses would be reduced by holding the trial in Topeka. A trial in Kansas City would require both parties and the witnesses to make a 120-mile round trip each day, which could create delays when witnesses must travel from out of town to testify, or to arrange lodging overnight. BCBSKS also points out that evidence currently located in Topeka, which may be provided to counsel located in Topeka and Wichita, will have to be transported a third time if Kansas City is designated as the place of trial. It concludes that a trial will be easier, more expeditious, and more economical in Topeka. The court agrees.

## IV. Timing of the Motion

Last, Ms. Hughes argues that "[a]t the least, the court should find defendant's motion is premature. Until witnesses have been identified in this case and the issues for trial determined, the court does not have sufficient information to resolve the motion." Dkt. No. 9, at 5. She points to *Biglow v. Boeing*, in which a court concluded it could better evaluate the 28 U.S.C. § 1404(a) factors after the parties had completed discovery and filed their final witness lists, and after the court had determined the scope of issues for trial. 174 F. Supp.2d 1187, 1195 (D. Kan. 2001). The court overruled without prejudice the defendant's motion to designate another city as the place of the trial, finding that it was premature. *Id.*

8

Ms. Hughes argues several times throughout her response that because BCBSKS has not yet provided a list of witnesses who will be called at trial, the company's claim that most of the witnesses live in the Topeka area cannot be substantiated. Dkt. No. 9, at 1, 5. But BCBSKS states that "all of the witnesses are expected to be current or former employees of BCBSKS. All of the likely witnesses who have been identified to date live in or near Topeka." Dkt. No. 8, at 6. Furthermore, Ms. Hughes has not identified any expected plaintiff's witnesses who do not live in Topeka, or for whom a trial in Topeka would prove inconvenient. The court will not delay a ruling on BCBSKS's motion until after the discovery stage. Accordingly, the court finds that Topeka is the appropriate location for the trial. If circumstances change, Ms. Hughes may alert the court to any developments. And, if necessary, the court will re-examine the designation of the place of trial at a later date.

**V. Conclusion**

After considering the factors listed in 28 U.S.C. § 1404(a), this court finds that Topeka is the most appropriate place for the trial. While the plaintiff's choice of forum is generally an important consideration in a court's analysis, it is of only minimal significance where the plaintiff does not reside in the selected forum, as is the case here. Topeka is the most convenient location for the witnesses expected to be called in this case, most or all of whom are expected to reside in the Topeka area. Any evidence in the form of documents or records requested from BCBSKS will be located at the company's headquarters, also located in Topeka. The expense of travel mileage, meals, and lodging will almost certainly be much lower if the case is held in Topeka rather than Kansas City, making a trial held in Topeka easier, more expeditious, and more economical.

9

IT IS ACCORDINGLY ORDERED this 24th day of August 2012, that defendant Blue Cross

Blue Shield of Kansas, Inc.'s Motion for Determination of Place of Trial (Dkt. No. 8) is granted.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE